IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVO NORDISK INC. and )
NOVO NORDISK A/S, )
)
          Plaintiffs, )
)
          v. )   C.A. No. _____
)
BIOCON PHARMA LTD., BIOCON LTD., and )
BIOCON PHARMA, INC., )
)
          Defendants. )

## COMPLAINT

Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), by their undersigned attorneys, for their Complaint against Defendants Biocon Pharma Ltd., Biocon Ltd., and Biocon Pharma, Inc. (collectively, "Biocon"), allege:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Biocon's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA"), by which Biocon seeks approval to market a generic version of Novo Nordisk's pharmaceutical product Saxenda® prior to the expiration of United States Patent Nos. 7,762,994 (the "'994 patent"), 8,114,833 (the "'833 patent"), 8,684,969 (the "'969 patent"), 8,920,383 (the "'383 patent"), 9,108,002 (the "'002 patent"), 9,132,239 (the "'239 patent"), 9,457,154 (the "'154 patent"), 9,616,180 (the "'180 patent"), 9,687,611 (the "'611 patent"), 9,775,953 (the "'953 patent"), 9,861,757 (the "'757 patent"), 9,968,659 (the "'659 patent"), 10,220,155 (the "'155 patent"), 10,357,616 (the "'616 patent"), 10,376,652 (the "'652 patent"), 11,097,063 (the "'063 patent"),

11,311,679 (the "'679 patent"), and RE46,363 (the "'363 patent"), which cover *inter alia*, Saxenda® and/or its use.

## THE PARTIES

2.      Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

3.      Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, and has its principal place of business at Novo Allé, 2880 Bagsværd, Denmark.  NNI is an indirect, wholly-owned subsidiary of NNAS.

4.      On information and belief, Defendant Biocon Pharma Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at 20th KM, Hosur Road, Electronic City, Bangalore, 560100, India.  On information and belief, Biocon Pharma Ltd. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

5.      On information and belief, Defendant Biocon Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at 20th KM, Hosur Road, Electronic City, Bangalore, 560100, India.  On information and belief, Biocon Ltd. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

6.      On information and belief, Defendant Biocon Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 485 Highway 1 S B305, Iselin, New Jersey 08830.  On information and belief, Biocon Pharma,

Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

7.      On information and belief, Defendant Biocon Pharma Ltd. is a wholly owned subsidiary of Defendant Biocon Ltd.

8.      On information and belief, Defendant Biocon Pharma, Inc. is a wholly owned subsidiary of Defendant Biocon Pharma Ltd.

9.      On information and belief, Defendants Biocon Pharma Ltd., Biocon Ltd., and Biocon Pharma, Inc. acted in concert to prepare and submit ANDA No. 217063 ("Biocon's ANDA") to the FDA.

10.     On information and belief, following any FDA approval of Biocon's ANDA, Defendants Biocon Pharma Ltd., Biocon Ltd., and Biocon Pharma, Inc. will act in concert to distribute and sell a generic version of liraglutide injection, 18 mg/3 ml (6 mg/ml) ("Biocon's Product") throughout the United States, including within Delaware.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendant Biocon Pharma Ltd. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see e.g., Novartis Pharmaceuticals Corp. v. Alkem Laboratories Ltd. et al.*, C.A. 19-1979 (D. Del. Oct. 17, 2019)); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g., id.*).

3

13.     This Court has personal jurisdiction over Defendant Biocon Ltd. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see e.g.*, *Sanofi-Aventis U.S. LLC et al. v. Biocon Ltd.*, C.A. No. 17-03 (D. Del. Jan. 3, 2017)); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Novartis Pharmaceuticals Corp. v. Alkem Laboratories Ltd. et al.*, C.A. No. 19-1979 (D. Del. Oct. 17, 2019); *Teva Pharmaceuticals USA, Inc. et al. v. Biocon Ltd. et al.*, C.A. No. 16-278 (D. Del. Aug. 19, 2016)).

14.     This Court has personal jurisdiction over Defendant Biocon Pharma, Inc. by virtue of, *inter alia*, its presence in Delaware, being a Delaware corporation and having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court; and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Novartis Pharmaceuticals Corp. v. Alkem Laboratories Ltd. et al.*, C.A. No. 19-1979 (D. Del. Oct. 17, 2019); *Novartis Pharmaceuticals Corp. v. Accord Healthcare Inc. et al.*, C.A. No. 18-1043 (D. Del. July 16, 2018)).

15.     On information and belief, Biocon intends to sell, offer to sell, use, and/or engage in the commercial manufacture of Biocon's Product, directly or indirectly, throughout the United States and in this District.  Biocon's filing of Biocon's ANDA confirms this intention and further subjects Biocon to the specific personal jurisdiction of this Court.

16.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS-IN-SUIT**

17.    On July 27, 2010, the United States Patent and Trademark Office issued the '994 patent, entitled "Needle Mounting System and a Method for Mounting a Needle Assembly," a copy of which is attached to this Complaint as Exhibit A.  NNAS is the owner of all right, title, and interest in the '994 patent.

18.    On February 14, 2012, the United States Patent and Trademark Office issued the '833 patent, entitled "Propylene Glycol-Containing Peptide Formulations Which are Optimal for Production and for Use in Injection Devices," a copy of which is attached to this Complaint as Exhibit B.  NNAS is the owner of all right, title, and interest in the '833 patent.

19.    On April 1, 2014, the United States Patent and Trademark Office issued the '969 patent, entitled "Injection Device with Torsion Spring and Rotatable Display," a copy of which is attached to this Complaint as Exhibit C.  NNAS is the owner of all right, title, and interest in the '969 patent.

20.    On December 30, 2014, the United States Patent and Trademark Office issued the '383 patent, entitled "Dose Mechanism for an Injection Device for Limiting a Dose Setting Corresponding to the Amount of Medicament Left," a copy of which is attached to this Complaint as Exhibit D.  NNAS is the owner of all right, title, and interest in the '383 patent.

21.    On August 18, 2015, the United States Patent and Trademark Office issued the '002 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit E.  NNAS is the owner of all right, title, and interest in the '002 patent.

22.     On September 15, 2015, the United States Patent and Trademark Office issued the '239 patent, entitled "Dial-Down Mechanism for Wind-Up Pen," a copy of which is attached to this Complaint as Exhibit F.  NNAS is the owner of all right, title, and interest in the '239 patent.

23.     On October 4, 2016, the United States Patent and Trademark Office issued the '154 patent, entitled "Injection Device with an End of Dose Feedback Mechanism," a copy of which is attached to this Complaint as Exhibit G.  NNAS is the owner of all right, title, and interest in the '154 patent.

24.     On April 11, 2017, the United States Patent and Trademark Office issued the '180 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit H.  NNAS is the owner of all right, title, and interest in the '180 patent.

25.     On June 27, 2017, the United States Patent and Trademark Office issued the '611 patent, entitled "Injection Device with Torsion Spring and Rotatable Display," a copy of which is attached to this Complaint as Exhibit I.  NNAS is the owner of all right, title, and interest in the '611 patent.

26.     On October 3, 2017, the United States Patent and Trademark Office issued the '953 patent, entitled "Dose Mechanism for an Injection Device for Limiting a Dose Setting Corresponding to the Amount of Medicament Left," a copy of which is attached to this Complaint as Exhibit J.  NNAS is the owner of all right, title, and interest in the '953 patent.

27.     On January 9, 2018, the United States Patent and Trademark Office issued the '757 patent, entitled "Injection Device with an End of Dose Feedback Mechanism," a copy of which is attached to this Complaint as Exhibit K.  NNAS is the owner of all right, title, and interest in the '757 patent.

28.    On May 15, 2018, the United States Patent and Trademark Office issued the '659 patent, entitled "Liraglutide in Cardiovascular Conditions," a copy of which is attached to this Complaint as Exhibit L.  NNAS is the owner of all right, title, and interest in the '659 patent.

29.    On March 5, 2019, the United States Patent and Trademark Office issued the '155 patent, entitled "Syringe Device with a Dose Limiting Mechanism and an Additional Safety Mechanism," a copy of which is attached to this Complaint as Exhibit M.  NNAS is the owner of all right, title, and interest in the '155 patent.

30.    On July 23, 2019, the United States Patent and Trademark Office issued the '616 patent, entitled "Injection Device with an End of Dose Feedback Mechanism," a copy of which is attached to this Complaint as Exhibit N.  NNAS is the owner of all right, title, and interest in the '616 patent.

31.    On August 13, 2019, the United States Patent and Trademark Office issued the '652 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit O.  NNAS is the owner of all right, title, and interest in the '652 patent.

32.    On August 24, 2021, the United States Patent and Trademark Office issued the '063 patent, entitled "Syringe Device with a Dose Limiting Mechanism and an Additional Safety Mechanism," a copy of which is attached to this Complaint as Exhibit P.  NNAS is the owner of all right, title, and interest in the '063 patent.

33.    On April 26, 2022, the United States Patent and Trademark Office issued the '679 patent, entitled "Automatic Injection Device with a Top Release Mechanism," a copy of which is attached to this Complaint as Exhibit Q.  NNAS is the owner of all right, title, and interest in the '679 patent.

34.     On April 11, 2017, the United States Patent and Trademark Office issued the '363 patent, entitled "Dial-Down Mechanism for Wind-Up Pen," a copy of which is attached to this Complaint as Exhibit R.  NNAS is the owner of all right, title, and interest in the '363 patent.

## SAXENDA®

35.     NNI holds approved New Drug Application No. 206321 (the "Saxenda® NDA") for Saxenda® (liraglutide recombinant) Solution Injection, 18 mg/3 ml (6 mg/ml), which NNI sells under the trade name Saxenda®.

36.     The claims of the patents-in-suit cover, *inter alia*, Saxenda® and/or its use.

37.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, '679, and '363 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Saxenda®.

## BIOCON'S ANDA

38.     On information and belief, Biocon submitted ANDA No. 217063 ("Biocon's ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of liraglutide injection, 18 mg/3 ml (6 mg/ml) ("Biocon's Product").

39.     On information and belief, Biocon's ANDA refers to and relies upon the Saxenda® NDA and contains data that, according to Biocon, demonstrate the bioequivalence of Biocon's Product and Saxenda®.

40.     By letter to NNI and NNAS, dated June 10, 2022 (the "Notice Letter"), Biocon stated that Biocon's ANDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, '679, and '363 patents are invalid, unenforceable, and/or will not be infringed by the

commercial manufacture, use, or sale of Biocon's Product (the "Paragraph IV Certification"). Biocon attached a memorandum to the Notice Letter in which it purported to allege factual and legal bases for its Paragraph IV Certification. NNI and NNAS file this suit within 45 days of receipt of the Notice Letter.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 7,762,994

41.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-40 of this Complaint.

42.    Biocon has infringed the '994 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '994 patent.

43.    Claims 1-8 of the '994 patent are directed to a mounting system for mounting two different needle arrangements. Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '994 patent would infringe claims 1-8 of the '994 patent.

44.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '994 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '994 patent expires.

45.    Novo Nordisk has no adequate remedy at law.

46.    Biocon was aware of the '994 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorney's fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,114,833

47.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-46 of this Complaint.

48.    Biocon has infringed the '833 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '833 patent.

49.    Claims 1-15 of the '833 patent are directed to GLP-1 formulations.  Claims 16-31 are directed to methods for preparing such formulations or methods of reducing deposits or reducing clogging by replacing the isotonicity agent in a formulation with propylene glycol. Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '833 patent would infringe claims 1-31 of the '833 patent.

50.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '833 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '833 patent expires.

51.    Novo Nordisk has no adequate remedy at law.

52.    Biocon was aware of the '833 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,684,969

53.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-52 of this Complaint.

10

54.     Biocon has infringed the '969 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '969 patent.

55.     Claims 1-26 of the '969 patent are directed to an injection device comprising a torsion spring operatively connected to a dose setting member and a rotatably mounted display member.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '969 patent would infringe claims 1-26 of the '969 patent.

56.     Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '969 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '969 patent expires.

57.     Novo Nordisk has no adequate remedy at law.

58.     Biocon was aware of the '969 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 8,920,383

59.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-58 of this Complaint.

60.     Biocon has infringed the '383 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '383 patent.

61.     Claims 1-12 of the '383 patent are directed to a mechanism for preventing setting of a dose which exceeds the amount of a medicament left in a reservoir in an injection device.

11

Claim 13 of the '383 patent is directed to a syringe device employing such a mechanism.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '383 patent would infringe claims 1-13 of the '383 patent.

62.     Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '383 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '383 patent expires.

63.     Novo Nordisk has no adequate remedy at law.

64.     Biocon was aware of the '383 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,108,002

65.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-64 of this Complaint.

66.     Biocon has infringed the '002 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '002 patent.

67.     Claims 1-2 of the '002 patent are directed to an injection device with a release member opposite the end of the device where a needle may be mounted.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '002 patent would infringe claims 1-2 of the '002 patent.

68.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '002 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '002 patent expires.

69.    Novo Nordisk has no adequate remedy at law.

70.    Biocon was aware of the '002 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,132,239

71.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-70 of this Complaint.

72.    Biocon has infringed the '239 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '239 patent.

73.    Claims 1-3 of the '239 patent are directed to a dial-down mechanism for an injection device.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '239 patent would infringe claims 1-3 of the '239 patent.

74.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '239 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '239 patent expires.

75.    Novo Nordisk has no adequate remedy at law.

76.     Biocon was aware of the '239 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,457,154

77.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-76 of this Complaint.

78.     Biocon has infringed the '154 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '154 patent.

79.     Claims 1-17 of the '154 patent are directed to an injection device comprising a dose delivering mechanism which provides an audible feedback signal to a user at the end of injection of a set dose.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '154 patent would infringe claims 1-17 of the '154 patent.

80.     Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '154 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '154 patent expires.

81.     Novo Nordisk has no adequate remedy at law.

82.     Biocon was aware of the '154 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,616,180

83.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-82 of this Complaint.

84.     Biocon has infringed the '180 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '180 patent.

85.     Claims 1-14 of the '180 patent are directed to an injection device with a push button like release member opposite the end of the device where a needle may be mounted.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '180 patent would infringe claims 1-14 of the '180 patent.

86.     Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '180 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '180 patent expires.

87.     Novo Nordisk has no adequate remedy at law.

88.     Biocon was aware of the '180 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,687,611

89.     Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-88 of this Complaint.

15

90.    Biocon has infringed the '611 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '611 patent.

91.    Claims 1-13 and 15 of the '611 patent are directed to an injection device with a torsion spring operatively connected to a dose setting member and a rotatably mounted display member. Claim 14 of the '611 patent is directed to an injection pen comprising a torsion spring and a dose indicator barrel having a helical scale. Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '611 patent would infringe claims 1-15 of the '611 patent.

92.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '611 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '611 patent expires.

93.    Novo Nordisk has no adequate remedy at law.

94.    Biocon was aware of the '611 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## <u>COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,775,953</u>

95.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-94 of this Complaint.

96.    Biocon has infringed the '953 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '953 patent.

97.     Claims 1-10 and 12-25 of the '953 patent are directed to a mechanism for preventing setting of a dose which exceeds the amount of a medicament left in a reservoir in an injection device.  Claim 11 of the '953 patent is directed to a syringe device employing such a mechanism.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '953 patent would infringe claims 1-25 of the '953 patent.

98.     Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '953 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '953 patent expires.

99.     Novo Nordisk has no adequate remedy at law.

100.    Biocon was aware of the '953 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

<div align="center">

**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,861,757**

</div>

101.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-100 of this Complaint.

102.    Biocon has infringed the '757 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '757 patent.

103.    Claims 1-12 of the '757 patent are directed to an injection device comprising a mechanism which provides a tactile feedback signal to a user at the end of injection of a set dose. Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or

importation of Biocon's Product into the United States, during the term of the '757 patent would infringe claims 1-12 of the '757 patent.

104. Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '757 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '757 patent expires.

105. Novo Nordisk has no adequate remedy at law.

106. Biocon was aware of the '757 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,968,659

107. Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-106 of this Complaint.

108. Biocon has infringed the '659 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '659 patent.

109. Claims 1-18 of the '659 patent are directed to a method for reducing the development of a major adverse cardiovascular event (MACE) by administering to a patient a therapeutically effective amount of liraglutide. Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '659 patent would infringe claims 1-18 of the '659 patent.

110. Upon information and belief, Biocon's sale or offer for sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, or commercial marketing of Biocon's Product in the United States, during the term of and with knowledge of the

'659 patent, would intentionally induce others to use Biocon's Product in the United States, thus inducing infringement of claims 1-18 of the '659 patent.

111. Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '659 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '659 patent expires.

112. Novo Nordisk has no adequate remedy at law.

113. Biocon was aware of the '659 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,220,155

114. Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-113 of this Complaint.

115. Biocon has infringed the '155 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '155 patent.

116. Claims 1-8 of the '155 patent are directed to a syringe device with a dose limiting mechanism and a safety mechanism structure which prevent ejection of a dose exceeding a set dose.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '155 patent would infringe claims 1-8 of the '155 patent.

117. Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '155 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '155 patent expires.

19

118.   Novo Nordisk has no adequate remedy at law.

119.   Biocon was aware of the '155 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,357,616**

120.   Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-119 of this Complaint.

121.   Biocon has infringed the '616 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '616 patent.

122.   Claims 1-9 of the '616 patent are directed to an injection device comprising a mechanism which provides an audible feedback signal to a user at the end of injection of a set dose.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '616 patent would infringe claims 1-9 of the '616 patent.

123.   Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '616 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '616 patent expires.

124.   Novo Nordisk has no adequate remedy at law.

125.   Biocon was aware of the '616 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,376,652

126.   Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-125 of this Complaint.

127.   Biocon has infringed the '652 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '652 patent.

128.   Claims 1-15 of the '652 patent are directed to an injection device with a release member opposite the end of the device where a needle may be mounted, and a display member. Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '652 patent would infringe claims 1-15 of the '652 patent.

129.   Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '652 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '652 patent expires.

130.   Novo Nordisk has no adequate remedy at law.

131.   Biocon was aware of the '652 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 11,097,063

132.   Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-131 of this Complaint.

21

133.    Biocon has infringed the '063 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '063 patent.

134.    Claims 1-7 of the '063 patent are directed to a syringe device with a dose limiting mechanism and a safety mechanism structure which prevent ejection of a dose exceeding a set dose.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '063 patent would infringe claims 1-7 of the '063 patent.

135.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '063 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '063 patent expires.

136.    Novo Nordisk has no adequate remedy at law.

137.    Biocon was aware of the '063 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 11,311,679

138.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-137 of this Complaint.

139.    Biocon has infringed the '679 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '679 patent.

140.    Claims 1-6 of the '679 patent are directed to an injection device with a release member on the end of the device opposite the injection needle.  Biocon's manufacture, use, offer

22

for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '679 patent would infringe claims 1-6 of the '679 patent.

141.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '679 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '679 patent expires.

142.    Novo Nordisk has no adequate remedy at law.

143.    Biocon was aware of the '679 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. RE46,363

144.    Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-143 of this Complaint.

145.    Biocon has infringed the '363 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Biocon's ANDA, by which Biocon seeks approval from the FDA to manufacture, use, offer to sell, and sell Biocon's Product prior to the expiration of the '363 patent.

146.    Claims 1-8 of the '363 patent are directed to a dial-down mechanism for an injection device.  Claims 9 and 10 of the '363 patent are directed to a medication delivery device comprising such a dial-down mechanism.  Claim 11 of the '363 patent is directed to a method for using a wind up injection pen.  Biocon's manufacture, use, offer for sale or sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, during the term of the '363 patent would infringe claims 1-11 of the '363 patent.

147.    Upon information and belief, Biocon's sale or offer for sale of Biocon's Product within the United States, or importation of Biocon's Product into the United States, or commercial marketing of Biocon's Product in the United States, during the term of and with knowledge of the '363 patent, would intentionally induce others to use Biocon's Product in the United States, thus inducing infringement of claim 11 of the '363 patent.

148.    Novo Nordisk will be harmed substantially and irreparably if Biocon is not enjoined from infringing the '363 patent and/or if the FDA is not enjoined from approving Biocon's ANDA before the '363 patent expires.

149.    Novo Nordisk has no adequate remedy at law.

150.    Biocon was aware of the '363 patent when it submitted its ANDA.  Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Novo Nordisk prays for a judgment in its favor and against Biocon and respectfully requests the following relief:

A.    A judgment that Biocon has infringed the '994 patent;

B.    A judgment that Biocon has infringed the '833 patent;

C.    A judgment that Biocon has infringed the '969 patent;

D.    A judgment that Biocon has infringed the '383 patent;

E.    A judgment that Biocon has infringed the '002 patent;

F.    A judgment that Biocon has infringed the '239 patent;

G.    A judgment that Biocon has infringed the '154 patent;

H.    A judgment that Biocon has infringed the '180 patent;

I.      A judgment that Biocon has infringed the '611 patent;

J.      A judgment that Biocon has infringed the '953 patent;

K.      A judgment that Biocon has infringed the '757 patent;

L.      A judgment that Biocon has infringed the '659 patent;

M.      A judgment that Biocon has infringed the '155 patent;

N.      A judgment that Biocon has infringed the '616 patent;

O.      A judgment that Biocon has infringed the '652 patent;

P.      A judgment that Biocon has infringed the '063 patent;

Q.      A judgment that Biocon has infringed the '679 patent;

R.      A judgment that Biocon has infringed the '363 patent;

S.      A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Biocon's ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, '679, and '363 patents, including any extensions, adjustments, and exclusivities;

T.      A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Biocon, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Biocon's Product within the United States, or importing Biocon's Product into the United States, prior to the expiration of the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, '679, and '363 patents, including any extensions, adjustments, and exclusivities;

U.      If Biocon commercially manufactures, uses, offers to sell, or sells Biocon's Product within the United States, or imports Biocon's Product into the United States, prior to the expiration

of the '994, '833, '969, '383, '002, '239, '154, '180, '611, '953, '757, '659, '155, '616, '652, '063, '679, and '363 patents, including any extensions, adjustments, and exclusivities, a judgment awarding Novo Nordisk monetary relief, together with interest;

V.      An award of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

W.      An award of costs and expenses in this action; and

X.      Such other relief as the Court deems just and proper.

<div style="margin-left: 50%;">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

</div>

OF COUNSEL:

Jeffrey J. Oelke
Ryan P. Johnson
Robert E. Counihan
Laura T. Moran
Erica R. Sutter
Olivia Wheeling
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010-6035
(212) 430-2600

July 14, 2022

26